UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIO CASTILLA,

           Plaintiff,

    v.

RONALD VAN BOENING, et al.,

           Defendants.

CASE NO. C10-5684RJB/JRC

ORDER GRANTING ADDITIONAL TIME TO SERVE UNSERVED DEFENDANTS AND DENYING A REQUEST TO STAY DISCOVERY

      This civil rights action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (B), and Local Magistrate Judge Rules MJR3 and MJR4. The matter is before the court on plaintiff's motion for additional time to serve three unserved defendants (ECF No. 28 and 29). Defendants also request a stay of discovery, which is contained in a motion to dismiss (ECF No. 33).

      There has been an ongoing problem trying to serve persons who formerly worked at McNeil Island Corrections Center. In this case, attempts to serve three defendants, Karin Arnold, David Monson, and Rick Minnich failed. The documents sent to Arnold and Monson

ORDER - 1

were returned to the court with a notation that the person was not at that facility (ECF No. 11 and 12). The service packet sent to Rick Minnich was not returned. Mr. Minnich is a contractor who performs lie detector tests for the MICC and not a Department of Corrections employee.

The failure to serve these defendants is not plaintiff's fault. However, the court must have current addresses if the court is going to attempt service either by mail or in person. The motion for additional time to serve is GRANTED. Plaintiff will have 90 days from today to perfect service on these three persons. Plaintiff will need to get current addresses before sending service packets to the court. The court will then again attempt to serve by mail before sending United States Marshals to serve in person. Plaintiff will need to use the procedural tools available to him to get the proper addresses.

Defendants have recently filed a motion to dismiss and stay discovery (ECF No. 33). Discovery is the primary tool available to plaintiff that would allow him to obtain current addresses for the unserved defendants. While the motion to dismiss is not noted to be heard until May 6, 2011, the motion to stay discovery is DENIED. Until plaintiff has addresses for service on the unserved defendants, it would be unjust to stay discovery. The motion to dismiss will not be considered until July 15, 2011, to allow time for plaintiff to resolve this service issue.

The Clerk's office is directed to send a copy of this order to plaintiff and remove ECF No. 28 from the court calendar and re-note the motion to dismiss (ECF No. 33) for July 15, 2011.

DATED this 18th day of April, 2011.

_____
J. Richard Creatura
United States Magistrate Judge